HAMPTON WILLIAMS, Plaintiff v. VON L. ALLEN, CAROLINA MODULAR HOMES, INC., HOME CITY, LTD, and JOHNNY KNIGHT, Defendants

No. COA06-791

(Filed 6 March 2007)

**1. Environmental Law— sedimentation—size of area**
    The trial court erred by ruling that the Sedimentation Pollution Control Act (SPCA) applies as a matter of law only to areas of more than an acre, and erred by granting summary judgment for defendants on plaintiff's claim. While sections (3) and (4) of N.C.G.S. § 113A-57 expressly condition their application on activity that disturbs more than one acre, sections (1) and (2) contain no such limitation. If factually appropriate, the SPCA may be applicable regardless of the acreage involved.

WILLIAMS v. ALLEN

[182 N.C. App. 121 (2007)]

2. **Appeal and Error— appealability—partial summary judgment**

Plaintiff's appeal from the denial of his motion for partial summary judgment was dismissed as interlocutory where he did not articulate any substantial right that will be lost by delay.

Appeal by plaintiff from orders entered 13 March and 27 March 2006 by Judge L. Todd Burke in Moore County Superior Court. Heard in the Court of Appeals 7 February 2007.

Law Office of Marsh Smith, P.A., by Marsh Smith, for plaintiff-appellant.

Beaver, Holt, Sternlicht & Courie, P.A., by F. Thomas Holt III, for defendant-appellees Von L. Allen and Home City, LTD.

Staton, Doster, Post & Silverman, by Jonathan Silverman, for defendant-appellee Johnny Knight.

Roy Cooper, Attorney General, by Solicitor General Christopher G. Browning, Jr., Senior Deputy Attorney General James C. Gulick, Assistant Solicitor General John F. Maddrey, and Assistant Attorney General Stormie Forte, for Amicus Curiae State of North Carolina.

LEVINSON, Judge.

Hampton Williams (plaintiff) appeals from an order entering summary judgment for defendants on plaintiff's claim for damages caused by defendants' alleged violation of the North Carolina Sedimentation Pollution Control Act (SPCA). Plaintiff also appeals from an order denying his motion to alter or amend the summary judgment order. We reverse in part and dismiss as interlocutory in part.

The facts for purposes of summary judgment and the procedural history is summarized, in pertinent part, as follows: In 2005 plaintiff was the owner of a lot on which he had a house, yard, and swimming pool. Von L. Allen (defendant) was an officer of defendant Home City LTD (HCL), a North Carolina corporation engaged in land development and installation of modular homes in Moore County. Defendant Johnny Knight (Knight) was engaged in the business of land clearing and grading. In June 2004 defendants were preparing a lot adjacent to plaintiff's land for installation of a modular home. A small "drainage ditch" ran along the road next to this lot. During the last week of

June, plaintiff's yard and swimming pool were flooded with water and silt, causing damage to plaintiff's property.

Plaintiff filed suit against defendants on 19 April 2005, seeking damages for violation of the SPCA, negligence, and trespass. Plaintiff alleged that the flooding was the result of defendants' filling the drainage ditch in order to drive across the ditch and onto the property being prepared. Plaintiff also alleged generally that defendants had failed to take proper measures to prevent erosion, or to comply with applicable statutes and regulations.

The defendants answered, denying the material allegations of the complaint. On 11 January 2006 plaintiff moved for partial summary judgment on the issue of defendants' liability, reserving the issue of damages for trial. The motion was heard on 13 February 2006. At that time, plaintiff dismissed his claims against Carolina Modular Homes, Inc., which is not a party to this appeal. The trial court on 13 March 2006 entered an order granting summary judgment for defendants on plaintiff's claims under the SPCA. The order stated that "the Court concludes as a matter of law that the [SPCA] does not apply to . . . this action, because the land-disturbing activity . . . was less than one acre in area." The trial court also denied summary judgment for plaintiff on his claims of negligence and trespass, on the grounds that there were genuine issues of material fact.

On 2 March 2006 plaintiff filed a motion pursuant to N.C. Gen. Stat. § 1A-1, Rules 54 and 59, asking the trial court to alter or amend its order. The trial court denied plaintiff's motion on 27 March 2006, in an order certifying that its "previous order dismissing the Plaintiff's first claim is a final judgment of the Plaintiff's first claim and no just reason exists to delay an appellate determination of the applicability of the [SPCA] to land-disturbing activities performed on land areas of less than one acre." Plaintiff has appealed from both orders.

## Standard of Review

[1] Plaintiff appeals from summary judgment entered in favor of defendants on his claims brought under the SPCA. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2005). "On appeal of a trial court's allowance of a motion for summary judgment, we consider whether, on the basis of

materials supplied to the trial court, there was a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law." *Summey v. Barker*, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003). "A trial court's ruling on a motion for summary judgment is reviewed *de novo* as the trial court rules only on questions of law." *Coastal Plains Utils., Inc. v. New Hanover Cty.*, 166 N.C. App. 333, 340-41, 601 S.E.2d 915, 920 (2004) (citation omitted).

In the instant case, the trial court based its order for summary judgment on its ruling that SPCA cannot, as a matter of law, be applied to land-disturbing activities that occur on a land area of less than one acre. Plaintiff asserts that, if factually appropriate, the SPCA may be applicable to this situation regardless of the acreage involved. We agree.

N.C. Gen. Stat. § 113A-57 (2005) provides in relevant part that:

(1) No land-disturbing activity during periods of construction or improvement to land shall be permitted in proximity to a lake or natural watercourse unless a buffer zone is provided along the margin of the watercourse of sufficient width to confine visible siltation within the twenty-five percent (25%) of the buffer zone nearest the land-disturbing activity. . . .

(2) The angle for graded slopes and fills shall be no greater than the angle that can be retained by vegetative cover or other adequate erosion-control devices or structures. . . .

(3) Whenever land-disturbing activity that will disturb more than one acre is undertaken on a tract, the person conducting the land-disturbing activity shall install erosion and sedimentation control devices . . . to retain the sediment generated by the land-disturbing activity within the boundaries of the tract during construction . . : and shall plant or otherwise provide a permanent ground cover sufficient to restrain erosion after completion of construction[.] . . .

(4) No person shall initiate any land-disturbing activity that will disturb more than one acre on a tract unless, 30 or more days prior to initiating the activity, an erosion and sedimentation control plan for the activity is filed with the agency having jurisdiction and approved by the agency. . . .

(emphasis added). Thus, while Subsections (3) and (4) expressly condition their application on land-disturbing activity that disturbs more

than one acre, Sections (1) and (2) contain no such limitation. G.S. § 113A-57(2), which sets out a standard for "graded slopes and fills," does not include any acreage requirement. Similarly, Subsection (1) applies to any land-disturbing activity "in proximity to a lake or natural watercourse" without regard to the size of the land area that is disturbed.

Our holding is guided by this Court's holding in *McHugh v. N.C. Dept of E.H.N.R.*, 126 N.C. App. 469, 485 S.E.2d 861 (1997). In *McHugh*, this Court held that application of N.C.G.S. § 113A-57(1) and (2) does not necessarily require that the land-disturbing activity at issue disturb more than one acre:

> Lastly, petitioner argues the SPCA does not authorize a civil penalty to be assessed for land-disturbing activities which uncover less than one acre of property. Petitioner contends that because N.C. Gen. Stat. § 113A-57 (3) and (4) contain a requirement that more than one acre of land must be uncovered . . . that G.S. 113A-57(1) and (2) also require more than one acre of land to be involved. We disagree. G.S. 113A-57(1) deals with land-disturbing activity near a lake or natural watercourse. . . . G.S. 113A-57(2) deals with graded slopes. Had our General Assembly also wished these sections to contain a one acre requirement, they could have added it to these sections.

*Id.* at 475, 485 S.E.2d at 865-66. *McHugh* thus holds that neither G.S. § 113A-57(1) or (2) conditions its applicability on a minimum acreage requirement.

Defendants, however, assert that *McHugh* is inapplicable to this instant case. Knight argues that under *McHugh* the "non-acreage dependent" sections of the SPCA apply only to land-disturbing activity "in proximity to lakes or natural watercourses" and that "this case does not involve such conduct." Defendants Allen and HCL also argue that the holding of *McHugh* is limited to cases wherein the plaintiff demonstrates "damage" to a "waterway or other natural watercourse" and characterize this as "an essential element" of a violation of the SPCA. We disagree.

G.S. § 113A-57(2) addresses graded slopes without regard to their proximity to bodies of water or to the acreage involved. G.S. § 113A-57(1) does require proximity to a lake or other watercourse. However, the trial court did not rule that plaintiff failed to produce evidence that defendants conducted land-disturbing activities near a

watercourse. Rather, it concluded that the SPCA was *per se* inapplicable to land-disturbing activity that affected less than one acre. Moreover, without expressing an opinion on the same, we note the presence of evidence that defendants' land-disturbing activity may have been "in proximity to a lake or natural watercourse." Plaintiff testified in his deposition that the land comprising the adjoining tracts at issue all sloped down to a nearby lake. Plaintiff also offered evidence that the damage to his property was caused by defendants' having blocked the "drainage ditch" that ran along Yadkin Road. The mere fact that the parties make reference to a "drainage ditch" adjacent to defendants' property does not necessarily preclude its being subject to the SPCA. In *Banks v. Dunn*, 177 N.C. App. 252, 630 S.E.2d 1 (2006), as in the instant case, the plaintiff sought damages for violation of the SPCA. Trial evidence indicated that defendant's property "adjoin[ed] plaintiff's back yard. Behind defendant's gas station [was] a steep hill that slope[d] sharply down to the boundary between his property and plaintiff's[.] . . . . The property line between plaintiff and defendant [was] marked by a small watercourse, described variously at trial as a 'drainage ditch' and an 'intermittent' stream." *Id.* at 253, 630 S.E.2d at 2. After "defendant dumped sixty-eight truckloads of fill dirt on the hill[,]" witnesses "observed dirt running into the stream when it rained." *Id.* Plaintiff sued for damages to a row of trees in her yard. Expert testimony was presented that the "drainage ditch" was

> a 'stream feature' that was subject to 'protection under the riparian buffer rule." [The witness] also determined that defendant was in violation of the relevant environmental regulations. He testified that, in his expert opinion, defendant's fill activities had altered the course of the stream, caused backup and ponding of water in plaintiff's yard, and led to the deterioration of plaintiff's row of cypress trees.

*Id.* at 255, 630 S.E.2d at 3.

We also observe that N.C. Gen. Stat. 113A-54(b) (2005) authorizes the Sedimentation Control Commission to adopt "rules and regulations for the control of erosion and sedimentation resulting from land-disturbing activities." This authority is not limited to circumstances where sedimentation actually reaches a waterway. Consistent with the authority set forth in Section 113A-54(b), the Commission has adopted rules that regulate all land-disturbing activities, with some exceptions. *See, e.g.*, 15A NCAC 4B. 0105 (August 2005). The

rules promulgated pursuant to the authority set forth by Section 113A-54(b) are implicated regardless of whether Section 113A-157(1) is applicable.

In short, we conclude that the trial court erred by ruling that <u>as a matter of law</u> the SPCA applies only to areas of more than an acre. We express no opinion on whether the evidence in this case will show that the "drainage ditch" is properly characterized as an intermittent stream or other water feature, or whether the requirements of G.S. § 113A-157(1) are implicated because of proximity to a lake or other watercourse.

Given our holding on the applicability of the SPCA to the instant case, it is unnecessary to reach the issue of the trial court's denial of plaintiff's motion asking the trial court to alter or amend its dismissal of plaintiff's claim for relief based on violations of the SPCA.

---

[2] Plaintiff argues next that the court erred by denying his motion for partial summary judgment on the issue of defendants' liability for negligence and trespass. "The denial of a motion for summary judgment is interlocutory and not immediately appealable unless it affects a substantial right. N.C. Gen. Stat. § 7A-27 [(2005)]." *Moody v. Able Outdoor, Inc.*, 169 N.C. App. 80, 83, 609 S.E.2d 259, 261 (2005). In the instant case, plaintiff fails to articulate any substantial right that will be lost by delay of his appeal from the denial of his motion for summary judgment on the issue of defendants' liability for trespass and negligence. Accordingly, we dismiss as interlocutory plaintiff's appeal from this ruling.

For the reasons discussed above, we conclude that plaintiff's appeal from the denial of his summary judgment motions must be dismissed, and that the trial court's order granting summary judgment in favor of defendants on plaintiff's claims under the SPCA must be reversed.

Reversed in part, dismissed in part.

Judges McCULLOUGH and BRYANT concur.