APPLEWOOD PROPERTIES, LLC AND APPLECREEK EXECUTIVE GOLF CLUB, LLC, PLAINTIFFS V. NEW SOUTH PROPERTIES, LLC, APPLE CREEK VILLAGE, LLC AND HUNTER CONSTRUCTION GROUP, INC., AND URBAN DESIGN PARTNERS, DEFENDANTS

No. COA11-353-2

(Filed 20 March 2012)

**Environmental Law— Sedimentation Pollution Control Act— land-disturbing activity—deposition into body of water— summary judgment proper**

The trial court did not err in denying plaintiffs' motion for summary judgment in a construction case involving alleged violations of the Sedimentation Pollution Control Act (SPCA). The SPCA did not apply because a "land-disturbing activity" requires an element of deposition into a body of water, which was not present in this case.

Appeal by Plaintiffs from order entered 16 April 2010 by Judge Jesse B. Caldwell, III in Gaston County Superior Court. This matter was originally heard in the Court of Appeals on 17 November 2011, and an unpublished opinion was filed by this Court on 20 December 2011 dismissing the appeal. Plaintiffs filed a petition for rehearing on 23 January 2012. An order granting the petition was entered on 9 February 2012. The following opinion supersedes and replaces the opinion filed 20 December 2011.

> *Womble Carlyle Sandridge & Rice, PLLC, by Raboteau T. Wilder, Jr. and Amanda G. Ray, for Plaintiffs-Appellants.*
>
> *Dean & Gibson, PLLC, by Michael G. Gibson and Sarah M. Bowman, for Hunter Construction Group, Inc., Defendant-Appellee.*

BEASLEY, Judge.

Applewood Properties, LLC and Apple Creek Executive Golf, LLC (Plaintiffs) filed this action on 4 December 2006 asserting claims of negligence, nuisance, trespass, violations of the Sedimentation Pollution Control Act (SPCA), negligence *per se,* and intentional misconduct and gross negligence against Defendants New South Properties of the Carolinas, LLC (New South), Apple Creek Village, LLC (Village), and Hunter Construction Group, Inc. (Hunter).

Plaintiffs added an additional Defendant, Urban Design Partners (Urban Design), on 7 April 2009. Hunter and Village subsequently moved for partial summary judgment and New South moved for summary judgment. On 16 April 2010, the trial court granted the motions for summary judgment as to the SPCA claims, and denied the motions with respect to all other claims. The trial court filed the order on 19 April 2010 and Hunter's counsel served the order upon the other parties on the same date. The trial court tried all of the remaining claims beginning on 19 April 2010. The jury returned a verdict in favor of Plaintiffs, finding Plaintiffs were damaged by the negligence of New South/Apple Creek, Hunter, and Urban Design, and were entitled to recover damages in the amount of $675,000. The trial court subsequently filed a judgment on 10 June 2010 awarding Plaintiffs damages in the amount of $675,000.

Plaintiffs filed and served a notice of appeal on 23 September 2010 seeking review of the 19 April 2010 order allowing Defendants' motions for summary judgment as to the SPCA claim. On 1 July 2011, this Court allowed Plaintiffs' motion to withdraw their appeal against all Defendants except Hunter. For the following reasons, we affirm the trial court's order.[1]

"Summary judgment is properly granted when the forecast of evidence reveals no genuine issue as to any material fact, and when the moving party is entitled to a judgment as a matter of law." *Dobson v. Harris*, 352 N.C. 77, 83, 530 S.E.2d 829, 835 (2000) (citation and internal quotation marks omitted). "It has been said that a genuine issue is one which can be maintained by substantial evidence. Where the pleadings or proof of either party disclose that no cause of action or defense exists, a summary judgment may be granted[.]" *Kessing v. Mortgage Corp.*, 278 N.C. 523, 534-35, 180 S.E.2d 823, 830 (1971).

Plaintiffs argue that the SPCA applies to the current situation, despite the fact that no sediment was deposited into a body of water. We disagree.

The preamble to the SPCA explains the purpose of the act:

> The sedimentation of streams, lakes and other waters of this State constitutes a major pollution problem. *Sedimentation occurs from the erosion or depositing of soil and other mate-*

---

1. Because the claims decided by the 10 June 2010 judgment are not before this Court, we address only the propriety of this appeal regarding the 19 April 2010 order.

> *rials into the waters*, principally from construction sites and road maintenance. . . . It is the purpose of this Article to provide for the creation, administration, and enforcement of a program and for the adoption of minimal mandatory standards which will permit development of this State to continue with the least detrimental effects *from pollution by sedimentation.*

N.C. Gen. Stat. § 113A-51 (2011)(emphasis added). This Court has interpreted the preamble to the SPCA to mean that "the stated legislative intent behind the enactment of the SPCA . . . is to protect against the sedimentation of our waterways." *McHugh v. N.C. Dept. of E.H.N.R.*, 126 N.C. App. 469, 476, 485 S.E.2d 861, 866 (1997).

Plaintiffs point to N.C. Gen. Stat. § 113A-64.1 (2011) of the Act which provides that a person engaged in a "[l]and-disturbing activity" who "failed to retain sediment generated by the activity" may be required "to restore the waters and land affected by the failure so as to minimize the detrimental effects of the resulting pollution by sedimentation." Plaintiffs then reference N.C. Gen. Stat. § 113A-52(6) (2011) of the Act, which defines "land-disturbing activity" as "any use of the land by any person in residential, industrial, educational, institutional or commercial development . . . that results in a change in the natural cover or topography and that may cause or contribute to sedimentation." Plaintiffs claim these provisions show that a person may violate the SPCA by using or affecting land, with no requirement that there be a deposition of sediment into a body of water. Thus, Plaintiffs' SPCA claim against Defendant Hunter is based on the "land-disturbing activity" engaged in by Defendants that disturbed more than one acre of land on the parcel in question. However, Plaintiffs' fail to recognize the second requirement of a land-disturbing activity—that it may cause or contribute to *sedimentation*. Because the preamble to the SPCA provides that sedimentation results from the erosion or depositing of materials into water, it is clear that even a "land-disturbing activity" requires an element of deposition into a body of water.

Plaintiffs cite to this Court's opinion in *Williams v. Allen*, 182 N.C. App. 121, 126, 641 S.E.2d 391, 394 (2007), where we observed that the SPCA authorizes the Sedimentation Control Commission to adopt rules for the control of erosion and sedimentation resulting from land-disturbing activities, and that this rule-making authority is not limited to circumstances where sedimentation actually reaches a

waterway. This observation is clearly *dicta*, and consequently not binding authority. *See Hayes v. Wilmington*, 243 N.C. 525, 536, 91 S.E.2d 673, 682 (1956). The holding of the case is that the trial court erred by ruling that the SPCA only applies to areas of more than one acre as a matter of law. *Williams*, 182 N.C. App. at 127, 641 S.E.2d at 394. Moreover, the observation does not shed any light on the case *sub judice* because this case is not about what the Sedimentation Control Commission could theoretically regulate. Instead, this case centers on the question of when the SPCA is applicable.

Plaintiffs also point to several other cases that purportedly stand for the proposition that the SPCA applies to activities that affect only land and do not involve the infiltration of sediment into water. These cases are easily distinguishable from the instant case because they involved the deposition of sediment into water. *See Banks v. Dunn*, 177 N.C. App. 252, 630 S.E.2d 1 (2006)(stating that uncontroverted evidence established that the red clay mud dumped by defendant washed down the hillside and into the stream at the bottom of the hill); *Whiteside Estates, Inc. v. Highlands Cove, L.L.C.*, 146 N.C. App. 449, 553 S.E.2d 431 (2001)(recognizing that there was sufficient evidence for the jury to find defendant liable for trespass when defendant's land-disturbing activities caused sediment to enter a lake on plaintiff's property).

Accordingly, we find that the SPCA does not apply to this situation and we affirm the trial court's grant of partial summary judgment to Defendants on Plaintiffs' SPCA claim.

Affirmed.

Judge ERVIN dissents with separate opinion.

Judge Thigpen, Jr. concurs.

ERVIN, Judge, dissenting.

After a careful review of the record in light of the applicable law, I am compelled to conclude, contrary to the result reached by my colleagues, that the Sedimentation Pollution Control Act of 1973 ("SPCA"), N.C. Gen. Stat. § 113A-50 *et. seq.* (2011), does, in fact apply to situations like the one at issue here. Simply put, I believe that the damage liability provisions of the SPCA are not limited to situations in which sediment is deposited into a body of water. As a result, I respectfully dissent from the Court's decision to affirm the trial

court's summary judgment order on the basis that Defendant's activities did not result in the deposition of sediment into a river, lake, stream, or pond.[1]

As I understand the record, Defendants were involved in the development of a large tract of land that was located adjacent to Plaintiffs' golf course. In order to develop the tract, Defendants obtained an approved erosion and sedimentation control plan from the Gaston County Natural Resources Department as required by the Gaston County Erosion and Sedimentation Control Program. In accordance with this approved plan, Defendants constructed silt collection basins on the tract. On 28 March 2006, the Gaston County Natural Resources Department inspected the site and found that all "reasonable measures" had not been taken to control erosion and sedimentation and that "a revision with an added berm with stone wier to the draw in the center of the property to reduce the concentrated flow to the basin" was required. Another onsite inspection found that, as of 5 May 2006, the site was being properly maintained in compliance with the plan. However, the applicable inspection report did note that Defendants needed to "[m]ake sure all basins are cleaned and maintained, per our conversation."

On 27 June 2006, one of the silt collection basins at the site ruptured, causing a large volume of mud, water, sediment, and other debris to spill onto and damage Plaintiffs' golf course. On 29 June 2006, the Gaston County Natural Resources Department issued an inspection report which noted that severe sedimentation damage, in the form of "offsite sediment [disposal] onto [the] neighboring golf course" had occurred since the last inspection; determined that the development site did not comply "with SESCO/SPCA & Rules;" and cited Defendants for (1) failing to take sufficient measures to retain sediment on the site as required by N.C. Gen. Stat. § 113A-57(3) and (2) failing to take reasonable measures to protect all public and private property from damage as required by 15A NCAC 04B.0105. As a result, the Gaston County Natural Resources Department served Defendants with a notice of non-compliance requiring Defendants to "[r]estore adequate sediment control measures, to retain sediment on site" and to "[m]ake sure all areas are cleaned and restored per approved plan."

---

1. Although Plaintiffs contend in their reply brief that a body of water was, in fact, adversely affected by Defendants' activities, I do not believe that we need to address the extent, if any, to which Plaintiffs established that Defendants' alleged non-compliance with the SPCA affected a stream or wetland given my belief that impact upon a body of water is not a necessary component of Plaintiffs' SPCA claim.

Although some repair work was undertaken following the rupture, storms continued to fill the basin, which overflowed onto Plaintiffs' golf course on a number of additional occasions during the ensuing months. The Gaston County Natural Resources Department found the existence of a violation stemming from the fact that no revised plan to correct the previous violations had been submitted on 13 July 2006. On 23 August 2006, another inspection report indicated that Defendants were not "in compliance with SESCO/SPCA & Rules" given that Defendant had failed (1) to submit a revised plan; (2) to provide adequate groundcover; (3) to take all reasonable measures to protect public and private property from damage; and (4) to maintain erosion control measures. Although the report stated that the "[s]ite appear[ed] to be stable since [the] basin [] blew out . . . [,]" the Gaston County Natural Resources Department noted that the "[o]utlet pipe in [the] basin [] is not installed per plan" and that, given "the volume of water coming onto the neighboring golf course, an adjustment in the pipe needs to be made." The Gaston County Natural Resources Department continued to issue violation notices relating to the site at which the rupture occurred through March 2009.

In seeking an award of damages based on the SPCA, Plaintiffs alleged that the golf course was damaged by "silt, mud, debris, and water" as the result of the basin rupture and overflow and that Defendants had (1) "engaged in land-disturbing activity that disturbed more than one acre of land on the parcel without installing erosion and sedimentation control devices and practices that were sufficient to retain the sediment generated by the land-disturbing activity within the boundaries of the parcel" and (2) "began land-disturbing activity that disturbed more than one acre on the parcel without filing or complying with erosion and sedimentation control plans with the governing agency." As a result of the fact that Plaintiffs' ability to establish the existence of facts necessary to support these allegations appears to be undisputed, the ultimate issue raised by the trial court's decision to grant summary judgment in favor of Defendant Hunter with respect to Plaintiffs' SPCA claim is whether such a showing suffices to establish damage liability under the SPCA.

According to N.C. Gen. Stat. § 113A-66(a):

> Any person injured by a violation of this Article or any ordinance, rule, or order duly adopted by the Secretary or a local government, or by the initiation or continuation of a land-

disturbing activity for which an erosion and sedimentation control plan is required other than in accordance with the terms, conditions, and provisions of an approved plan, may bring a civil action against the person alleged to be in violation (including the State and any local government). The action may seek any of the following:

(1) Injunctive relief.

(2) An order enforcing the law, rule, ordinance, order, or erosion and sedimentation control plan violated.

(3) Damages caused by the violation.

Thus, according to the literal language of N.C. Gen. Stat. § 113A-66(a), any person who sustains an injury stemming from (1) a violation of any of the SPCA's provisions; (2) a violation of any rule or ordinance adopted by the Secretary of the Department of Natural Resources or a local governmental body authorized by the SPCA; or (3) any land-disturbing activity for which an erosion and sedimentation control plan is required which is not conducted in accordance with the terms, conditions, and provisions of an approved plan has a right to seek an award of damages from the responsible party.

According to N.C. Gen. Stat. § 113A-52(6), a land-disturbing activity includes "any use of the land by any person in residential, industrial, educational, institutional or commercial development, highway and road construction and maintenance that results in a change in the natural cover or topography and that may cause or contribute to sedimentation." As a result, any use of land which could cause sedimentation is subject to the SPCA, with the extent to which sedimentation actually occurs essentially irrelevant to the determination of whether a particular activity is "land-disturbing." In the event that any "land-disturbing activity" that will disturb more than one acre is undertaken, "the person conducting [the activity] shall install erosion and sedimentation control devices and practices that are sufficient to retain the sediment generated by the land-disturbing activity within the boundaries of the tract during construction upon and development of the tract[.]" N.C. Gen. Stat. § 113A-57(3). In addition, any land-disturbing activity must "be conducted in accordance with the approved erosion and sedimentation control plan." N.C. Gen. Stat. § 113A-57(5). "A local government may submit . . . an erosion and sedimentation control program for its jurisdiction" for approval, with "local governments [being] authorized to adopt ordinances and regulations necessary to establish and enforce erosion and sedimentation

control programs" so long as they "meet [or] exceed the minimum requirements of [the SPCA] and the rules adopted pursuant to [the SPCA]." N.C. Gen. Stat. § 113A-60(a). As a result, given that the SPCA requires that any person who undertakes a land-disturbing activity "install erosion and sedimentation control devices and practices that are sufficient to retain the sediment generated by the land-disturbing activity within the boundaries of the tract . . ." and to conduct activities "in accordance with an approved erosion and sedimentation control plan," N.C. Gen. Stat. § 113A-57(3), (5), the literal language of N.C. Gen. Stat. § 113A-66(a) clearly permits an injured party to seek an award of damages in the event that such a party sustains loss or damage stemming from another's failure to install sedimentation control devices and practices sufficient to retain sediment on a disturbed tract or to follow an approved erosion and sedimentation control plan.

According to Plaintiffs' complaint, the golf course was damaged by "silt, mud, debris, and water" as the result of the rupture and overflow of the basin. As we have already noted, Plaintiff alleged that Defendants had (1) "engaged in land-disturbing activity that disturbed more than one acre of land on the parcel without installing erosion and sedimentation control devices and practices that were sufficient to retain the sediment generated by the land-disturbing activity within the boundaries of the parcel" and (2) "began land-disturbing activity that disturbed more than one acre on the parcel without filing or complying with erosion and sedimentation control plans with the governing agency." At the time of the hearing that led to the trial court's decision to enter summary judgment in favor of Defendants with respect to the issue of their liability to Plaintiffs under the SPCA, Plaintiffs' forecast sufficient evidence, when viewed in the light most favorable to them, to support a determination that the damage to Plaintiffs' golf course resulted from Defendants' failure to (1) take sufficient measures to retain sediment on site; (2) take all reasonable measures to protect all public and private property from damage stemming from Defendants' land-disturbing activities; and (3) follow an approved erosion and sedimentation control plan. Thus, I believe that Plaintiff has stated a claim for and forecast sufficient evidence to establish a viable claim for relief pursuant to the SPCA. *Kessing v. Mortgage Corp.*, 278 N.C. 523, 534-35, 180 S.E.2d 823, 8 30 (1971).

In reaching a contrary determination, the Court concludes that Plaintiffs do not have a viable damage claim against Defendants pursuant to N.C. Gen. Stat. § 113A-66(a) because the deposition of sedi-

ment into a body of water is an indispensable element of such a claim. The Court appears to reach this conclusion because (1) N.C. Gen. Stat. § 113A-51, which delineates the policy considerations that motivated the enactment of the SPCA, states that sedimentation consists of "the erosion or depositing of soil and other materials into the waters;" (2) we have interpreted N.C. Gen. Stat. § 113A-51 to mean that "the stated legislative intent behind the enactment of the SPCA . . . is to protect against the sedimentation of our waterways;" *McHugh v. N.C. Dept of E.H.N.R.*, 126 N.C. App. 469, 476, 485 S.E.2d 861, 866 (1997); (3) the definition of "land-disturbing activity" contained in N.C. Gen. Stat. § 113A-52(6) incorporates such a "deposition into a body of water" requirement given that it references N.C. Gen. Stat. § 113A-51; and (4) the decisions of this Court upon which Plaintiffs rely are distinguishable from the present case because they all involved the deposition of sediment into water. I do not find the Court's analysis persuasive.

I simply do not read N.C. Gen. Stat. § 113A-51, the definition of "land-disturbing activity" set out in N.C. Gen. Stat. § 113A-52(6), or the language of our prior opinions addressing SPCA-related issues in the same manner that my colleagues do. As has been previously demonstrated, N.C. Gen. Stat. § 113A-66(a) authorizes a damage recovery stemming from any injury resulting from a violation of the SPCA; a violation of an ordinance, rule, or order duly adopted by a local government; or the initiation or continuation of a land-disturbing activity in the absence of compliance with an appropriate erosion and sedimentation control plan. Although N.C. Gen. Stat. § 113A-51 does state that "[c]ontrol of erosion and sedimentation is deemed vital to the public interest and necessary to the public health and welfare" and that "the purpose of [the SPCA is] to provide for the creation, administration, and enforcement of a program and for the adoption of minimal mandatory standards which will permit development of this State to continue with the least detrimental effects from pollution by sedimentation," the relevant statutory language simply does not indicate that the provisions of the SPCA only apply to situations involving "erosion or depositing of soil and other materials into the waters." Instead, it is clear to me that the relevant statutory provisions, taken as a whole, are directed at activities that both result in and create a risk of erosion and sedimentation. I believe that the validity of this assertion is confirmed by the fact that a "land-disturbing activity" subject to the provisions of the SPCA is one which *"may* cause or contribute to sedimentation," N.C. Gen. Stat. § 113A-52(6)

(emphasis added), rather than one which actually does result in sedimentation. For that reason, the reference to "sedimentation" in N.C. Gen. Stat. § 113A-52(6) cannot be understood to incorporate a "deposition into a body of water" requirement. Finally, the fact that the relevant decisions of this Court have, to date, involved actual sedimentation rather than the risk of such a result provides no indication that the damage claim made available by N.C. Gen. Stat. § 113A-66(a) is not available to a party, such as Plaintiffs, who sustained injury as the result of non-compliance with the requirements of the SPCA.

Thus, for the reasons set forth above, I believe that Plaintiff has forecast sufficient evidence, if believed, to establish a right to recover damages pursuant to N.C. Gen. Stat. § 113A-66(a) in the event that Defendant Hunter is a covered entity. As a result, I respectfully dissent from the Court's decision to the contrary and would proceed to an examination of the remaining coverage issue that is also debated in the parties' briefs.